FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2002 FEB 19  P 2: 51

CLERK
AT BALTIMORE

_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TED R. WOLINSKI                   :
                                  :
              v.                  :   CIVIL ACTION NO. MJG-02-149
                                  :
UNITED STATES OF AMERICA          :
                          ..oOo..

### MEMORANDUM

On or about November 24, 2001, Ted Wolinski filed a "motion to suppress files, computer, data illegally obtained by search and seizure." (Paper No. 1.) The plaintiff seeks the return of all belongings and property not mentioned in a search warrant, the suppression of all evidence obtained by misrepresentation in the search warrant, and damages in the amount of $375,000.00. (*Id.*)

On December 5, 2001, United States Magistrate Judge James Bredar ordered the Government to file a response to Mr. Wolinski's claim for relief. (Paper No. 2.) On December 19, 2001, the Government filed a response. On January 2, 2002, a civil case was opened under this Court's 28 U.S.C. § 1331 federal question jurisdiction. The government's response was construed as a dispositive motion and the *pro se* claimant was notified that he was entitled to file opposition materials and was forewarned that his failure to file a timely and responsive pleading would result in the dismissal of his case. (Paper No. 4.) The government's response remains unopposed as of the within signature date. The

case is ready for my consideration. No oral hearing is necessary. *See* Local Rule 105.6. (D.Md. 2001).

According to the undisputed facts a federal search warrant was authorized for 28 Mallard Drive, Ocean Pines, Maryland 21811 and the seizure of evidence, fruits and instrumentalities of the crimes of mail fraud, wire fraud, bank fraud, false statements and the laundering of monetary instruments. The warrant was executed on September 25, 2001 and an inventory was served on plaintiff's wife, Deborah Kolodner Wolinski. (Paper No. 3, Exs. 1 & 2.)

Plaintiff challenges the validity of the search warrant and seeks to suppress the evidence. *See* Fed. R. Crim. P. 41(e). However, Mr. Wolinski does not have standing to raise such an attack on the search warrant, as he is not a person aggrieved by an unlawful search and seizure. *See Jones v. United States*, 362 U.S. 257, 261 (1960); *United States v. Cobb*, 432 F.2d 716, 719 (4th Cir. 1970).

Mr. Wolinski's wife, not Mr. Wolinski, is subject to a criminal investigation here. The search was directed against Mrs. Kolodner Wolinski and she, not her husband, has standing to contest the warrant in light of her proprietary and possessory interest in the seized items and the issuance of the warrant against her.[1]

---

[1] The Government agrees to provide Mr. Wolinski copies of the documents which specifically relate to him or to his business. The government will also provide Mr. Wolinski with any other specific documents or items which he might request in writing. The government claims that as of December 19, 2001, it has sent Mr. Wolinski two large

For these reasons, this complaint shall be dismissed. A separate Order follows.

2/15/02
Date

Marvin J. Garbis
United States District Judge

---

accordion files of records and is in the process of copying additional documents for him.