IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WHITE CLOUD CONSULTING, INC.        *

       Plaintiff        *

       vs.        *    CIVIL ACTION NO. MJG-02-149

PROFESSIONAL STAFF LEASING        *
  CORPORATION
                             *

       Defendant
*   *   *   *   *   *   *   *   *

## MEMORANDUM AND ORDER

The Court has before it Defendant's Request for Award of Attorney's Fees and Costs included in Defendant's Emergency Motion [Paper 5] and the materials submitted relating thereto. The Court finds that a hearing is unnecessary.

Plaintiff White Cloud Consulting, Inc. obtained a $387,228 Judgment against Defendant Professional Staff Leasing Corporation in the United States District Court for the District of Idaho. Defendant timely filed a Notice of Appeal to the Ninth Circuit. Plaintiff then, erroneously in view of 28 U.S.C. § 1963, registered the Idaho Judgment in this Court, obtained a Writ of Garnishment to Defendant's bank, and "froze" Defendant's account. On July 2, 2002, this Court quashed the Writ of Garnishment.

The parties argue about whether Plaintiff's counsel can be subject to a sanction under Rule 11 of the Federal Rules of Civil Procedure because Defendant did not serve a copy of its motion on

Plaintiff at least twenty-one days prior to filing. Of course, the emergency nature of Defendant's situation effectively prevented the giving of twenty-one days of notice as to the Motion to Quash. The Defendant's motion had to be filed immediately and was so filed. Since the Motion to Quash had to be filed without twenty-one days notice and since the motion was ruled upon expeditiously, Plaintiff's counsel did not have any opportunity to withdraw the motion. Moreover, once confronted with 28 U.S.C. § 1963, Plaintiff's counsel "confessed error" promptly.

The Court finds the negligence of Plaintiff's counsel insufficiently grievous to warrant some form of "waiver" of the twenty-one day notice provision of Rule 11. The gist of the rule, as amended to add the twenty-one day notice procedure, is to sanction a party or counsel for refusing to withdraw a frivolous pleading and not, in general, for filing the pleading in the first place. Accordingly, there shall be no sanction under Rule 11 of the Federal Rules of Civil Procedure.

Defendant correctly notes that there is no procedural obstacle to the imposition of a sanction on Plaintiff's counsel by virtue of 28 U.S.C. § 1927. Nevertheless, the Court does not find that Plaintiff's counsel "unreasonably and vexatiously" multiplied the proceedings by virtue of the registration of the

Judgment at issue. The statute, 28 U.S.C. § 1927, is not a fee shifting provision, but, rather, permits fee shifting in extraordinary situations. The Court finds that Plaintiff's counsel was not aware of the prohibition against registration of foreign judgments while on appeal contained in 28 U.S.C. § 1963. Certainly, counsel acted negligently, but, in the view of the Court, not with an intent to evade a known statutory prohibition.

Accordingly, the Court concludes that there should be no sanctions imposed on Plaintiff's counsel.

Therefore:

1. Defendant's Request for Award of Attorney's Fees is DENIED.

2. The Clerk shall CLOSE THIS CASE.

SO ORDERED this 12th day of November, 2002.

/s/ Marvin J. Garbis
Marvin J. Garbis
United States District Judge